13-2551
Harvey v. Farber

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand sixteen.

PRESENT:  ROBERT D. SACK,
                  RICHARD C. WESLEY,
                  GERARD E. LYNCH,
                          *Circuit Judges.*

_____

GREGORY HARVEY,

                          *Plaintiff-Appellant,*


               -v.-                                                          13-2551


CHRISTOPHER FARBER, COUNTY
SHERIFF, HERKIMER COUNTY JAIL, et
al.,

                          *Defendants-Cross Defendants-Appellees,*

CHARLENE MACRI, COUNTY JAIL
NURSE PRACTITIONER, HERKIMER
COUNTY SHERIFF'S DEPARTMENT,

*Defendant-Cross Claimant.*

_____

FOR APPELLANT: Gregory Harvey, *pro se*, Ossining, NY.

FOR APPELLEES: Thomas K. Murphy, Murphy, Burns, Barber &
Murphy, LLP, Albany, NY.

Appeal from a judgment of the United States District Court for the
Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment of the District Court is
**AFFIRMED**.

Plaintiff-Appellant Gregory Harvey, proceeding *pro se*, appeals from the
District Court's entry of judgment in favor of Defendants-Appellees on his 42
U.S.C. § 1983 claims following a jury trial. We assume the parties' familiarity
with the underlying facts, the procedural history of the case, and the issues on
appeal.

Harvey has provided us with no reason to disturb the District Court's
judgment. The only issue he raises on appeal is whether his trial counsel was

ineffective for failing to introduce certain evidence at trial. It is well established, however, that, except when faced with the prospect of imprisonment, the Sixth Amendment right to counsel does not apply in a civil case. *See, e.g., Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013); *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981).

Accordingly, we **AFFIRM** the judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk